**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---------------------------------------------------------------X

TOYREH BLACKNELL,

                              Case No.

               Plaintiff,

      -against-                       **COMPLAINT**

THE COMMUNITY CHARTER SCHOOL OF      **Jury Trial Demanded**
PATERSON, INC. and MANUEL MARTINEZ,
in his individual capacity,

              Defendants.

---------------------------------------------------------------X

      Plaintiff Toyreh Blacknell ("Blacknell" or "Plaintiff") alleges against Defendants The

Community Charter School of Paterson, Inc. ("CCSP") and Manuel Martinez ("Martinez")

(collectively, "Defendants"), upon information and belief, as follows:

**NATURE OF THE CLAIMS**

1. On its website ([www.ccsp.org](www.ccsp.org)), CCSP "identifies six characteristics that are important in

   life, not just in school.  These are excellence, integrity, dedication, respect and self-

   esteem, success, and partnerships."  Unfortunately, CCSP supervisors failed to

   demonstrate those characteristics, allowing for Blacknell to be sexually harassed and

   retaliated against in the workplace.

2. Thankfully, the Federal and New Jersey State anti-discrimination and anti-retaliation

   laws are intended to afford women the same rights as any other employee, and provide

   females with the dignity and respect they deserve in the workplace.  As such, this is an

   action for declaratory, injunctive and monetary relief to redress Defendants' unlawful

   employment practices, including unlawful discrimination and retaliation committed

against the Plaintiff.  The unlawful discrimination, hostile work environment and retaliation described herein was committed in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq. ("Title VII") and the New Jersey Law Against Discrimination, N.J.S.A §§ 10:5-1 et seq. ("LAD").

**JURISDICTION AND VENUE**

3.  This Court has subject matter jurisdiction over Plaintiff's claims under Title VII pursuant to 28 U.S.C. § 1331 and 1343, because those claims arise under the laws of the United States.  This Court has supplemental subject matter jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

5.  Plaintiff duly filed a Charge of Discrimination (No. 520-2017-02608) with the United States Equal Employment Opportunity Commission ("EEOC") on or about June 19, 2017.

6.  The EEOC sent a Notice of Right to Sue to Plaintiff on November 27, 2017 (annexed hereto as Exhibit A).

7.  Any and all other prerequisites to the filing of this suit have been met.

**PARTIES**

8.  Plaintiff Toyreh Blacknell ("Blacknell" or "Plaintiff") is a female individual who is a resident of Passaic County in the State of New Jersey.

9.  Defendant The Community Charter School of Paterson, Inc. ("CCSP") was and is a domestic non-profit corporation organized and existing under the laws of the State of New Jersey.

10. CCSP was and is an "independent public school governed by a 7-member Board of Trustees consisting of parents, community members, and representatives of New Jersey Community Development Corporation.

11. CCSP was and is located at 75 Spruce Street, Paterson NJ 07501.

12. 75 Spruce Street was and is home to Kindergarten through Fourth Grade and the CCSP Business office.

13. CCSP was and is located at 32 Spruce Street, Paterson NJ 07501, which was and is home to CCSP Fifth Graders.

14. CCSP was and is located at 137 Ellison Street, Paterson NJ 07505, which was and is home to the Middle School.

15. That at all times herein relevant, Manuel Martinez ("Martinez") was and is a resident of the State of New Jersey.

16. That at all times herein relevant, Martinez was and is a CCSP employee.

17. That at all times herein relevant, Martinez was and is the CCSP Director of Community Schools.

18. That at all times herein relevant, Martinez was and is the CCSP after-school supervisor.

19. Martinez primarily worked out of the CCSP facility located at 75 Spruce Street, Paterson NJ 07501.

20. Martinez was a supervisor of Blacknell; and in that role, he had authority to schedule Blacknell's tasks, discipline her, and terminate her employment.

## FACTUAL ALLEGATIONS

21. On or about May 2016, Blacknell commenced employment with CCSP.

22. Blacknell was initially hired as a substitute teacher.

23. Blacknell worked in the CCSP summer program in the summer of 2016.

24. In that role, Blacknell earned $15.00 per hour.

25. Starting in September 2016, Blacknell transitioned to the role of a permanent substitute Title I teacher.

26. In that role, Blacknell earned approximately $40,000.00 per year.

27. Additionally, beginning in January 2017, Blacknell worked as a teacher in the CCSP after-school program.

28. In that role, Blacknell earned an additional $15.00 per hour.

29. Located at 75 Spruce Street, Paterson NJ 07501, in the after-school program, Blacknell worked from 4 to 6pm Monday to Friday and from 8am to 12pm on Saturday mornings.

30. In the after-school role, Blacknell directly reported to Martinez.

Sexual Harassment and Hostile Work Environment

31. On an ongoing and pervasive basis, Martinez would sexually harass Blacknell.

32. By way of example, Martinez paged Blacknell to his office to tell her that she looked "beautiful" that day.

33. Martinez would also call Blacknell, "My pretty."

34. Martinez told Blacknell, "I want to dunk you like a donut."

35. Martinez said to Blacknell in his office, "You looked really good too.  If I didn't have these blinds in here, you never know what might happen."

36. Martinez told Blacknell, I have good news, but you have to give me a kiss.  Give me a kiss on the cheek first.

37. Martinez embarked on a personal interest of his to engage in an unprofessional relationship with Blacknell despite her constant refusals.

38. Martinez pestered Blacknell with unwelcome questions, such as "When are we going to go out?" and "We can go out before he (Blacknell's boyfriend) gets home."

39. On another occasion, Martinez followed Blacknell up the stairs and told her that she "need[ed] to put on some panties."  Martinez continued, "Trust me, I know you're not wearing panties."

40. On a separate occasion, Martinez asked Blacknell if she shaved her vaginal area everyday.

41. Blacknell found Martinez's comments highly inappropriate for the workplace.

42. The sexual harassment was not just limited to sexual comments, but also included unwanted attempted touching.

43. On multiple occasions, Martinez attempted to hug Blacknell slightly below her waist, only to be told to keep his hands off her.

44. In March 2017, Blacknell's boyfriend dropped off food for her at CCSP.  Seeing this and enraged with jealously, Martinez approached Blacknell and told her, "Don't be brining your boyfriend in here.  I will beat him up."  Blacknell told Martinez not to disrespect her or her boyfriend and walked away.

45. A few days later, near the teachers' bathroom, Martinez attempted to "apologize" to Blacknell (while in reality, he was using his "apology" as an excuse to attempt to hug Blacknell again below the waist).  During the attempted hug, Blacknell told Martinez that

he needed to keep his hands to himself, that she does not and will never like him romantically.

Retaliation

46. Unable to endure the sexual harassment and hostile work environment any further, Blacknell mustered the courage to tell CCSP Principal/School Leader Chloe Lewis ("Lewis") that Martinez made her feel uncomfortable, that he tried to hug her, and that she feared he would retaliate against her and fire her for rejecting his sexual advances.

47. Instead of taking Blacknell's complaint seriously, Lewis brushed it off saying that Martinez flirts with everybody.

48. On or about March 7, 2017, Blacknell also complained to Mark Valli ("Valli") – CCSP CEO.

49. Similar to what occurred with Lewis, no remedial action was taken in response to Blacknell's complaint.

50. Shortly after complaining, in March 2017, Martinez terminated Blacknell from her role in the after-school program.  Martinez told Blacknell, "Me and you, we're not working out, we're not getting along."

51. Blacknell was terminated from the after-school program without a warning or a write-up.

52. Blacknell was terminated from the after-school program for rejecting the sexual advances of her supervisor and for complaining about the sexual harassment to her superiors.

53. On or about April 24, 2017, the overbearing stress at CCSP (which manifested itself in severe emotional distress including high blood pressure) caused Blacknell to go on medical leave for the remainder of the 2017 school year.

54. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

55. As a result of the Defendants actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

56. As a result of the Defendants actions, Plaintiff has suffered economic loss.

57. As a result of the Defendants actions, Plaintiff suffered severe emotional distress.

58. As Defendants conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of LAD)

59. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

60. By the actions described above, among others, Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by subjecting Plaintiff to sexual harassment and discriminating against the Plaintiff because of her gender / sex.

61. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION
### (Hostile Work Environment in Violation of LAD)

62. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

63. By the actions described above, among others, Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by subjecting Plaintiff to a hostile work environment because of her gender / sex.

64. As a direct and proximate result of Defendant's unlawful and retaliatory conduct,

Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of

monetary damages and other relief.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of LAD)

65. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully

set forth herein.

66. By the actions described above, among others, Defendants have violated the New Jersey

Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by retaliating against Plaintiff for

her complaint of sexual harassment and discrimination.

67. Defendants engaged in unlawful employment practices prohibited by the New Jersey

Law Against Discrimination by retaliating against Plaintiff as a result of Plaintiff's

opposition to the Defendants' unlawful employment practices.

68. As a direct and proximate result of Defendant's unlawful and retaliatory conduct,

Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of

monetary damages and other relief.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of Title VII)

69. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully

set forth herein.

70. By the actions described above, among others, Defendants have discriminated against

Plaintiff because of her gender / sex, in violation of Title VII.

71. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of Title VII)

72. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

73. By the actions described above, among others, Defendants have discriminated against Plaintiff and created a hostile work environment because of her gender / sex, in violation of Title VII.

74. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

75. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

76. By the actions described above, among others, Defendants have retaliated against Plaintiff by, *inter alia*, terminating her in violation of Title VII for engaging in protected activity.

77. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against

Defendants, containing the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under

   applicable federal and state law;

B. An injunction and order permanently removing and clearing information to the

   contrary contained in Plaintiff's employee file and restraining Defendants from

   engaging in such unlawful conduct;

C. An order directing Defendants to take such affirmative action as is necessary to

   ensure that the effects of these unlawful employment practices are eliminated;

D. An award of damages in an amount to be determined at trial, plus prejudgment

   interest, to compensate Plaintiff for all monetary and/or economic damages, including

   but not limited to, the loss of past and future income, wages, compensation, and other

   benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment

   interest, to compensate Plaintiff for the loss of benefits, promotions, raises and

   opportunities;

F. An award of damages in an amount to be determined at trial, plus prejudgment

   interest, to compensate Plaintiff for all non-monetary and/or compensatory damages,

   including but not limited to, compensation for her mental anguish, humiliation,

   embarrassment, stress and anxiety, emotional and psychological pain and suffering,

   emotional and psychological distress and the physical manifestations caused;

G.  An award of damages in an amount to be determined at trial, plus prejudgment

   interest, to compensate Plaintiff the harm to her professional and personal reputation

   and loss of career fulfillment;

H.  An award of damages for any and all other monetary and/or non-monetary losses

   suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

I.   An award of punitive damages;

J.   An award of costs and attorneys' fees pursuant to applicable law; and

K.  An award of such other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: December 4, 2017
       New York, New York

                                    Respectfully submitted,

                                    **Akin Law Group PLLC**

                                    By:  */s/ Robert. D. Salaman*

                                    _____
                                          Robert D. Salaman

                                    45 Broadway, Suite 1420
                                    New York, NY 10006
                                    Telephone:  (212) 825-1400
                                    Facsimile:  (212) 825-1440
                                    rob@akinlaws.com

                                    *Counsel for Plaintiff*